1  COOLEY LLP
   MICHAEL G. RHODES (116127)
2  (rhodesmg@cooley.com)
   101 California Street, 5th Floor
3  San Francisco, CA 94111
   Telephone: 415 693 2181
4  Facsimile: 415 693 2222

5  COOLEY LLP
   BRENDAN J. HUGHES (*pro hac vice* to be filed)
6  (bhughes@cooley.com)
   REBECCA GIVNER-FORBES (*pro hac vice* to be filed)
7  (rgivnerforbes@cooley.com)
   1299 Pennsylvania Avenue, NW, Ste. 700
8  Washington, DC 20004
   Telephone: 202 842 7826
9  Facsimile: 202 842 7899

10 Attorneys for Plaintiff
   Google Inc.

11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15

16  GOOGLE INC., a Delaware corporation,       Case No.

17                       Plaintiff,            COMPLAINT FOR:

18           v.                                (1) FEDERAL TRADEMARK
                                               INFRINGEMENT UNDER 15 U.S.C.
19  LOCAL LIGHTHOUSE CORP., a California        § 1114;
    corporation,
20                                             (2) UNFAIR COMPETITION AND
                         Defendant.            FALSE DESIGNATION OF ORIGIN
21                                             UNDER 15 U.S.C. § 1125; AND

22                                             (3) FALSE ADVERTISING UNDER 15
                                               U.S.C. § 1125
23
                                               DEMAND FOR JURY TRIAL
24

25

26       Plaintiff Google Inc. ("Plaintiff" or "Google") complains and alleges against Local

27  Lighthouse Corp. ("Local Lighthouse" or "Defendant") as follows.

28

**THE PARTIES**

1.     Plaintiff Google is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2.     Defendant Local Lighthouse is a corporation organized under the laws of the State of California with its principal place of business at 13681 Newport Ave., # 8153, Tustin, California 92780.

**JURISDICTION AND VENUE**

3.     This action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §1051 *et seq.* (the "Lanham Act").

4.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5.     This Court has personal jurisdiction over Defendant because (i) Defendant maintains its principal place of business in the State of California; (ii) Defendant has caused its services to be advertised, promoted, and sold under the GOOGLE trademark in the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (iv) Defendant has caused tortious injury to Google in the State of California and this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant maintains its principal place of business in the State of California; (ii) Defendant has caused services to be advertised, promoted, and sold under the GOOGLE trademark in the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (iv) Defendant has caused tortious injury to Google in the State of California and this judicial district.

**INTRADISTRICT ASSIGNMENT**

7.     This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

Cooley LLP
Attorneys At Law
San Francisco

2.

**COMPLAINT**

## FACTUAL BACKGROUND

## GOOGLE AND THE GOOGLE TRADEMARK

8.      Google is a well-known provider of search engine, advertising, web application, and social networking services.  Since its inception, Google has devoted substantial time, effort, and resources to the development and extensive promotion of its goods and services under the GOOGLE trademark.  As a result, the GOOGLE mark has acquired significant recognition in the marketplace and embodies the substantial and valuable goodwill of Google.  To protect the GOOGLE mark for its exclusive use and as notice to the public of its claim of ownership therein, Google owns numerous trademark registrations for the GOOGLE mark and variations thereto, including without limitation, U.S. Reg. Nos. 2,806,075, 2,884,502, 3,140,793, 3,570,103, 4,058,966, 4,123,471, 4,120,012, 4,123,471, 4,168,118, 4,525,914, 4,217,894, and 4,202,570.

9.      Since at least as early as 2000, Google has offered online and mobile advertising services for others under the GOOGLE mark.  Google's advertising services include its GOOGLE ADWORDS service, which may trigger the display of an advertisement above or adjacent to search results when employing the GOOGLE search engine.  Google also offers advertising services for businesses listed in its GOOGLE MAPS mapping service and within its GOOGLE+ social networking service.

10.     A substantial industry of search engine marketing ("SEM") companies and consultants has emerged to, among other things, assist businesses in managing their online advertising accounts with Google and other search engines.

11.     Google confers the status of "Google Partner" on SEM companies that participate in the Google Partners program and meet established requirements.  To maintain Google Partner status, such companies must, for example, pass Google-administered annual certification exams to ensure that they are up to date on the latest GOOGLE tools and services.  SEM partner status and certification are important to consumers of such services because they convey experience, knowledge, and trustworthiness.

12.     In addition, any third-party marketing company that manages GOOGLE ADWORDS purchases on behalf of others, regardless of whether such company is a Google

1   Partner, is subject to Google's Third Party Policy (the "Third Party Policy").   Among other

2   things, the Third Party Policy clearly communicates Google's expectations for the use of its

3   trademarks.

4   **DEFENDANT'S BUSINESS AND DEFENDANT'S USE OF THE GOOGLE MARKS**

5         13.     Google is informed and believes, and based thereon alleges, that Defendant is a

6   third-party marketing company that offers services to businesses throughout California and

7   nationwide.   Defendant's services include the management of GOOGLE ADWORDS accounts

8   on behalf of Defendant's customers, among other SEM services.   Defendant claims that it offers

9   search engine optimization ("SEO") services, which focus on improving the placement of

10   customers' webpages in organic search results.

11         14.     Google is informed and believes, and based thereon alleges, that Defendant

12   advertises, markets, and promotes its services online and through telemarketing calls to phone

13   numbers throughout the United States.

14         15.     Google is informed and believes, and based thereon alleges, that Defendant makes

15   extensive, unauthorized, and misleading use of the GOOGLE mark and other marks that include

16   or incorporate the GOOGLE mark (*e.g.*, GOOGLE+, GOOGLE PLACES, and GOOGLE

17   MAPS).

18         16.     Google is informed and believes, and based thereon alleges, that Defendant's sales

19   agents have made and continue to make various false and misleading claims during Defendant's

20   telemarketing calls to confuse consumers regarding the true source or nature of Defendant's

21   services and the relationship between Google and Defendant.   These include: (i) claims that

22   Defendant's sales agents represent Google or are calling on behalf of Google; (ii) claims that

23   Defendant is affiliated with Google or has been contracted by Google to provide SEO services;

24   and (iii) other claims designed to obfuscate Defendant's identity and foster the mistaken belief

25   that Defendant and its services are approved, sponsored, or endorsed by Google.

26         17.     Google is informed and believes, and based thereon alleges, that Defendant's false

27   and misleading use of the GOOGLE mark and GOOGLE-formative marks results in confusion

28   regarding the true source of Defendant's services, the relationship between Google and

                                                             4.                                      **COMPLAINT**

Defendant, and the qualities and characteristics of the parties' respective services.

18.     Google is informed and believes, and based thereon alleges, that Defendant exploits such confusion to induce consumers to enter into contracts costing hundreds of dollars in recurring monthly bills.

19.     Evidence of such confusion is reflected in online consumer complaints and pending lawsuits by consumers against Defendant.  In addition, some consumers have directed their complaints regarding Defendant's sales practices at Google.

20.     On July 29, 2014, Google sent Defendant a letter after receiving several complaints regarding Defendant's telemarketing calls.  Google told Defendant that consumers had complained about incessant, unsolicited automated telephone calls, misrepresentations of Defendant's relationship with Google, and false guarantees of first-page placement in GOOGLE search results.  Google demanded that Defendant immediately cease all such actions and bring its practices into compliance with Google's Third Party Policy.  Google also demanded a copy of Defendant's sales script.

21.     On August 12, 2014, Defendant responded to Google's letter by denying that it used "robocalls" to market its services or that it harassed consumers with unwanted phone calls.  Defendant claimed that it would "take quite a thorough look through the Sales Force Compliance to further our employee training to make sure all policies are being adhered to."  Defendant also denied that it guaranteed certain placement in search engines.  Despite these representations, however, Google received additional complaints.

22.     On January 9, 2015, Google sent Defendant another letter informing Defendant that it had received further complaints regarding Defendant's telemarketing calls, including reports that Defendant's sales representatives were introducing themselves as "Google Local Listing representatives."  The letter demanded that Defendant stop such misrepresentations and bring its practices into compliance with Google's Third Party Policy.

23.     Google continued to receive complaints from consumers indicating that Defendant's sales representatives harassed them with multiple, unwanted telemarketing calls, misrepresented Defendant's relationship with Google, and made false and misleading statements

1  that Defendant's services could guarantee first-page placement in GOOGLE search results.

2  Google sent additional communications to Defendant reporting such complaints and demanding

3  compliance with its policies.

4  24.  Google is informed and believes, and based thereon alleges, that despite Google's

5  communications with Defendant, Defendant has continued the false and misleading telemarketing

6  calls to this day.

7  **DEFENDANT'S FALSE AND MISLEADING ADVERTISING**

8  25.  Google is informed and believes, and based thereon alleges, that Defendant has

9  engaged in false and misleading advertising of its services in communications with consumers.

10  26.  Google is informed and believes, and based thereon alleges, that Defendant's false

11  and misleading statements include: (i) claims that Defendant's sales agents represent Google, are

12  calling on behalf of Google, or that Defendant is affiliated with Google or has been contracted or

13  certified by Google to provide SEO services, and other claims designed to encourage the belief

14  that Defendant and its services are approved, sponsored, or endorsed by Google; (ii) claims that

15  Defendant can guarantee first-page placement in GOOGLE search results; and (iii) certain other

16  false and misleading statements that Defendant has made or caused to be made in telemarketing

17  communications and online.

18  27.  For example, Google is informed and believes, and based thereon alleges, that

19  Defendant's sales agents have made statements such as: "We're a Google subcontractor," "we're

20  working for Google," "the $100 fee [to initiate Defendant's services] goes to Google," and

21  Defendant's customers' webpages "will show up multiple times on the front page and get what's

22  called 'Front Page Domination.'"

23  28.  In fact, Defendant is not affiliated or associated with Google, Google has not

24  contracted with Defendant to provide SEO services, and Google does not approve, sponsor or

25  endorse Defendant or Defendant's services.  All statements to this effect are false.

26  29.  Defendant's statements guaranteeing first-page placement in GOOGLE search

27  results constitute false statements about Defendant's services because no SEO company,

28  including Defendant, can guarantee such placement.  These statements also constitute false

statements about Google's services, because the necessary implication of such statements is that first-page placement in GOOGLE search results can be guaranteed through SEO methods.

30.     Google is informed and believes, and based thereon alleges, that Defendant's misrepresentations are material because first-page placement in GOOGLE search and an affiliation, approval, certification, sponsorship, or endorsement by Google are important factors consumers consider in selecting a provider of SEM or SEO services.

31.     Google is informed and believes, and based thereon alleges, that consumers have been deceived by Defendant's false and misleading statements into purchasing Defendant's services.  Google is informed and believes, and based thereon alleges, that such consumers have been harmed by Defendant's false and misleading statements because they are dissatisfied that Defendant's services do not result in first-page placement in GOOGLE search results and otherwise perform inconsistently with Defendant's representations.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

32.     Google realleges and incorporates herein by this reference paragraphs 1 through 31 of this Complaint as if fully set forth here.

33.     Google owns the inherently distinctive, strong, valid, and registered GOOGLE trademark and other registered marks including or incorporating the GOOGLE mark (*e.g.*, GOOGLE+ and GOOGLE PLACES).

34.     Without Google's consent, Defendant has marketed and sold in commerce services under the GOOGLE mark and other marks owned by Google that include or incorporate the GOOGLE mark.

35.     Defendant's actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendant with Google, as to the source of Defendant's services, and as to the sponsorship or approval of Defendant or Defendant's services by Google.

36.     Defendant is not affiliated or associated with Google, Google has not contracted with Defendant to provide SEO services, and Google does not approve, sponsor or endorse

1    Defendant or Defendant's services.

2          37.    Defendant's actions are willful and reflect an intent to confuse consumers and

3    profit from the goodwill and consumer recognition associated with Google and its trademarks.

4          38.    The actions of Defendant described above constitute trademark infringement in

5    violation of 15 U.S.C. § 1114.

6          39.    Google has been, and will continue to be, damaged and irreparably harmed by the

7    actions of Defendant, which will continue unless Defendant is enjoined by this Court.  Google has

8    no adequate remedy at law in that the amount of harm to Google's business and reputation and

9    the diminution of the goodwill of the GOOGLE mark and marks including or incorporating the

10   GOOGLE mark are difficult to ascertain with specificity.  Google is therefore entitled to

11   injunctive relief pursuant to 15 U.S.C. § 1116.

12                              **SECOND CAUSE OF ACTION**

13         **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

14                               **UNDER 15 U.S.C. § 1125**

15         40.    Google realleges and incorporates herein by this reference paragraphs 1 through 39

16   of this Complaint as if fully set forth here.

17         41.    Google owns the inherently distinctive, strong, valid, and registered GOOGLE

18   trademark and other registered and common law marks including or incorporating the GOOGLE

19   mark (*e.g.*, GOOGLE+, GOOGLE PLACES, and GOOGLE MAPS).

20         42.    Without Google's consent, Defendant has marketed and sold in commerce services

21   under the GOOGLE mark and other marks owned by Google that include or incorporate the

22   GOOGLE mark.

23         43.    Defendant's actions as described herein have caused and are likely to cause

24   confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or

25   association of Defendant with Google, as to the source of Defendant's services, and as to the

26   sponsorship or approval of Defendant or Defendant's services by Google.

27         44.    Defendant's actions constitute unfair competition and false designation of origin in

28   violation of 15 U.S.C. § 1125(a).

45.     Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  Google has no adequate remedy at law in that the amount of harm to Google's business and reputation and the diminution of the goodwill of Google's trademarks are difficult to ascertain with specificity. Google is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRD CAUSE OF ACTION

### FALSE ADVERTISING UNDER 15 U.S.C. § 1125

46.     Google realleges and incorporates herein by this reference paragraphs 1 through 45 of this Complaint as if fully set forth here.

47.     As alleged above, Defendant has made false and misleading claims regarding its relationship with Google and has misrepresented the nature, characteristics, and qualities of Defendant's services and Google's products and services.

48.     Defendant's false and misleading claims are material to consumers because the claims are likely to induce consumers to purchase Defendant's services.

49.     Defendant's claims are likely to deceive a substantial segment of the buying public and, on information and belief, have already deceived a substantial segment of the buying public.

50.     Defendant's claims are likely to influence the buying decisions of consumers and, on information and belief, have already influenced the buying decisions of consumers.

51.     Defendant's deceptive conduct has injured and continues to injure consumers and Google.  Unless Defendant is enjoined by this Court pursuant to 15 U.S.C. § 1116, Defendant will continue to mislead the public and cause harm to the public and Google.  The harm suffered by Google to the substantial goodwill and reputation of its trademarks and associated products and services will be irreparable, and their nature and extent unascertainable and immeasurable.

**PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests the following relief:

A.     That Google be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq*., specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it, be preliminarily and permanently enjoined from: (i) using the GOOGLE trademark or any GOOGLE-formative marks (*e.g.*, GOOGLE+) in connection with the marketing, promotion, advertising, sale, or distribution of any of Defendant's products and services (except as reasonably necessary to identify Google's own products and services); (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any product or service distributed, sold, offered for sale, or advertised by Defendant is in any manner associated with or approved or sponsored by Google; (iii) representing in any manner that Defendant's products and services can result in specific placement in GOOGLE search or otherwise misrepresenting Google's products and services or the performance of Defendant's products and services with respect to Google's; (iv) representing in any manner that Defendant is a Google Partner, or is otherwise endorsed, certified, or sponsored by Google, or works with or on behalf of Google, or is affiliated or associated with Google; and (v) any other infringing or misleading conduct discovered during the course of this action;

B.     That Defendant files, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C.     That Defendant is adjudged to have violated 15 U.S.C. § 1114 by infringing the GOOGLE mark and other marks including or incorporating the GOOGLE mark;

D.     That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Google by using a false designation of origin for Defendant's infringing products and services;

E.     That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for false

1    advertising;

2        F.      That the Court award Google its attorneys' fees and costs in this action; and

3        G.      That Google be granted such further relief as the Court may deem just and

4    equitable.

5                           **<u>DEMAND FOR JURY TRIAL</u>**

6        Pursuant to Federal Rule of Civil Procedure 38, Google hereby respectfully demands a

7    trial by jury of all issues triable of right by a jury.

8

9

10    Dated: September 16, 2015          **COOLEY LLP**

11                            MICHAEL G. RHODES (116127)
BRENDAN J. HUGHES (*pro hac vice* to be filed)

12                            REBECCA GIVNER-FORBES  (*pro hac vice* to be filed)

13                            *<u>/s/ Michael G. Rhodes</u>*
Michael G. Rhodes

14                            Attorneys for Plaintiff Google Inc.

15

16    120935964

17

18

19

20

21

22

23

24

25

26

27

28