**THE LAW OFFICES OF BRIAN M. DAVIS**
260 Newport Center Drive, Suite 410
Newport Beach, California 92660
Telephone: (949) 258-0359
Facsimile: (949) 273-1070

Brian M. Davis (SBN 241984)
bdavis@bmdlegalgroup.com
James G. Higgins (SBN 238188)
jhiggins@bmdlegalgroup.com

Attorneys for Defendant Local Lighthouse Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>          Plaintiff,<br>     v.<br><br>LOCAL LIGHTHOUSE CORP., a California corporation,<br><br>          Defendant. | Case No. 3:15-cv-04219-HSG<br><br>**DEFENDANT LOCAL LIGHTHOUSE CORP.'S ANSWER TO COMPLAINT** |

Defendant LOCAL LIGHTHOUSE CORP. ("Defendant") answers the Complaint ("Complaint") of plaintiff GOOGLE, INC. (collectively "Plaintiffs") as follows:

## THE PARTIES

1.   Defendant admits the averments of paragraph 1.

2.   Defendant admits the averments of paragraph 2.

## JURISDICTION AND VENUE

3.   Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 3.

4.   Based on the allegations of the Complaint, Defendant admits the averments of paragraph 4, except that it denies that the Court has jurisdiction under 28 U.S.C. § 1367.

5.   Defendant denies the averments of paragraph 5, except that Defendant admits that its principal place of business is in California.

6. Defendant denies the averments of paragraph 6, except that Defendant admits that its principal place of business is in California, namely Orange County.

### INSTRADISTRICT ASSIGNMENT

7. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 7.

### FACTUAL BACKGROUND

8. Defendant admits the averments of paragraph 8.

9. Defendant admits the averments of paragraph 9, except that Defendant is without sufficient information to form as belief as to the truth of the averment that Plaintiff has offered the referenced services since as early as 2000.

10. Defendant admits the averments of paragraph 10.

11. Defendant admits the averments of paragraph 11, except that Defendant is without sufficient information to form a belief as to the truth of the last sentence of paragraph 11.

12. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 12.

13. Defendant admits the averments of paragraph 13.

14. Defendant admits the averments of paragraph 14.

15. Defendant admits that it has made fair use of one or more of Plaintiff's marks, but denies the remaining averments of paragraph 15.

16. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 16.

17. Defendant denies the averments of paragraph 17.

18. Defendant denies the averments of paragraph 18.

19. Defendant avers that the first sentence of paragraph 19 is a legal conclusion that requires no admission or denial. Defendant denies that it has made any "false" or "misleading" use of Plaintiff's marks. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 19.

20. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 20.

21. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 21.

22. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 22.

23. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 23, except that Defendant admits that it received communications from Plaintiff in 2015.

24. Defendant denies the averments of paragraph 24.

25. Defendant denies the averments of paragraph 25.

26. Defendant denies that it made "false" or "misleading" statements. Defendant admits that it makes a conditional guarantee that it can make first-page placement, as more specifically outlined at its website. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 26.

27. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 27.

28. Defendant denies that it has made any "false statements," and that it has not been affiliated or associated with Google, in that was for a time a Google Partner. Defendant is without sufficient information to form to form a belief as to the truth of the remaining averments of paragraph 28.

29. Defendant denies the averments of paragraph 29.

30. Defendant denies that it made any misrepresentations, material or otherwise. Defendant is without sufficient information to form a belief as to the remaining averments of paragraph 30.

31. Defendant denies that it has made any false or misleading statements, and consequently that anyone has been deceived or harmed by any such statements. Defendant is without sufficient information to form a belief as to the remaining averments of paragraph 31.

**DEFENDANT'S ANSWER TO COMPLAINT**

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C § 1114

32. Defendant incorporates by reference its responses to the averments in paragraphs 1 through 31.

33. Defendant admits the averments of paragraph 33.

34. Defendant admits that it has made fair use of one or more of Plaintiff's marks, but denies the remaining averments of paragraph 34.

35. Defendant denies the averments of paragraph 35.

36. Defendant denies and that it has not been affiliated or associated with Google, in that was for a time a Google Partner. Defendant admits the remaining averments of paragraph 36.

37. Defendant denies the averments of paragraph 37.

38. Defendant denies the averments of paragraph 38.

39. Defendant denies the averments of paragraph 39.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C § 1125

40. Defendant incorporates by reference its responses to the averments in paragraphs 1 through 39.

41. Defendant admits the averments of paragraph 41.

42. Defendant admits that it has made fair use of one or more of Plaintiff's marks, but denies the remaining averments of paragraph 42.

43. Defendant denies the averments of paragraph 43.

44. Defendant denies the averments of paragraph 44.

45. Defendant denies the averments of paragraph 45.

## THIRD CAUSE OF ACTION

## FALSE ADVERTISING UNDER 15 U.S.C § 1125

46. Defendant incorporates by reference its responses to the averments in paragraphs 1 through 45.

47. Defendant denies the averments of paragraph 47.

48. Defendant denies the averments of paragraph 48.

49. Defendant denies the averments of paragraph 49.

50. Defendant denies the averments of paragraph 50.

51. Defendant denies the averments of paragraph 51.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

1. For a first separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. For a second separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable federal and state statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

3. For a third separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. For a fourth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

5. For a fifth separate and distinct affirmative defense, Defendant alleges that Plaintiff's chosen venue and forum are inconvenient.

### SIXTH AFFIRMATIVE DEFENSE

6. For a sixth separate and distinct affirmative defense, Defendant alleges that Plaintiff's marks do not function as trademarks, but are, or have become, generic names for the goods or services.

### SEVENTH AFFIRMATIVE DEFENSE

7. For a seventh separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Defendant's conduct was privileged by the doctrine of fair competition.

### EIGHTH AFFIRMATIVE DEFENSE

8. For an eighth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. For a ninth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because of Plaintiff's misuse of its trademarks.

### TENTH AFFIRMATIVE DEFENSE

10. For a tenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff's enforcement of its trademarks violates antitrust laws.

### ELEVENTH AFFIRMATIVE DEFENSE

11. For an eleventh separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because any such use of Plaintiff's trademarks was a fair use.

### TWELFTH AFFIRMATIVE DEFENSE

12. For a twelfth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred under the doctrine of estoppel.

WHEREFORE, Defendant prays for judgment on Plaintiff's Complaint as follows:

1. That Plaintiff take nothing by its Complaint;

2. For reasonable attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED:  October 8, 2015  **THE LAW OFFICES OF BRIAN M. DAVIS**
BRIAN M. DAVIS (241984)
JAMES G. HIGGINS (238188)

By:  /s/ *Brian Mitchell Davis*
   Brian Mitchell Davis

Attorneys for Defendant Local Lighthouse Corp.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Procedure 38, Defendant demands a jury trial on all of the claims asserted by Plaintiff in its Complaint.

DATED:  October 8, 2015  **THE LAW OFFICES OF BRIAN M. DAVIS**
BRIAN M. DAVIS (241984)
JAMES G. HIGGINS (238188)

By:  /s/ *Brian Mitchell Davis*
   Brian Mitchell Davis

Attorneys for Defendant Local Lighthouse Corp.