| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111<br>Telephone: 415 693 2181<br>Facsimile: 415 693 2222<br><br>COOLEY LLP<br>BRENDAN J. HUGHES (*pro hac vice*)<br>(bhughes@cooley.com)<br>REBECCA GIVNER-FORBES (*pro hac vice*)<br>(rgivnerforbes@cooley.com)<br>1299 Pennsylvania Avenue, NW, Ste. 700<br>Washington, DC 20004<br>Telephone: 202 842 7826<br>Facsimile: 202 842 7899<br><br>Attorneys for Plaintiff<br>Google Inc. | THE LAW OFFICES OF BRIAN M. DAVIS<br>BRIAN M. DAVIS (SBN 241984)<br>(bdavis@bmdlegalgroup.com)<br>JAMES G. HIGGINS (SBN 238188)<br>(jhiggins@bmdlegalgroup.com)<br>260 Newport Center Drive, Suite 410<br>Newport Beach, California 92660<br>Telephone: 949 258 0359<br>Facsimile: 949 273 1070<br><br>Attorneys for Defendant Local Lighthouse Corp. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL LIGHTHOUSE CORP., a California corporation,<br><br>Defendant. | **Case No. 3:15-cv-04219-HSG**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>JUDGE: HON. HAYWOOD S. GILLIAM, JR.<br>DATE: DECEMBER 22, 2015<br>TIME: 2:00 PM<br>COURTROOM: 15<br>TRIAL DATE: NOT YET SET |

Plaintiff Google Inc. ("Plaintiff" or "Google") and Defendant Local Lighthouse Corp. ("Defendant" or "Local Lighthouse") (collectively, the "Parties"), together by and through their respective counsel, hereby submit this Joint Case Management Statement and Proposed Order

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California dated November 1, 2014.

**1. Jurisdiction & Service**

The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. There are currently no disputed issues regarding personal jurisdiction or venue in this matter, and service is complete.

**2. Facts**

Plaintiff's Statement of the Facts

Google is a well-known provider of search engine, advertising, web application, and social networking services offered under the GOOGLE trademark or marks including or incorporating GOOGLE (e.g., GOOGLE+, GOOGLE PLACES, GOOGLE MAPS) (collectively, the "GOOGLE Marks"). Defendant is a search engine marketing ("SEM") company that assists businesses in managing their online accounts with Google and other search engines. Defendant also offers services that aim to improve the placement of its customers' websites and business listings in search engine results, including GOOGLE search ("search engine optimization" or "SEO" services). Defendant markets and sells its services primarily via telephone calls to prospective customers throughout the United States. Defendant's employees make reference to Google, the GOOGLE Marks, and the products and services offered thereunder during such marketing and sales calls.

Google alleges that the manner in which Defendant uses the GOOGLE Marks and the statements that it makes regarding Google and Google's products and services are false, misleading, and likely to confuse consumers regarding the relationship between the Parties and the true source and nature of the Parties' respective products and services. Specifically, Google alleges that Defendant's false and misleading statements include: (i) statements that Defendant's sales agents represent Google or are calling on behalf of Google; (ii) statements that Defendant is affiliated with Google or has been contracted by Google to provide SEO services; (iii) other statements designed to obfuscate Defendant's identify and foster the mistaken belief that Defendant's sales agents are calling on behalf of Google or that Defendant and its services are

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

approved, sponsored, or endorsed by Google; and (iv) false and misleading statements regarding the nature and characteristics of the Parties' respective products and services, including that Defendant is able to guarantee that its customers' web pages will appear on the first page of organic GOOGLE search results.

Google contacted Defendant regarding consumer complaints Google received about Defendant's sales and marketing practices prior to initiating this lawsuit. Google alleges that Defendant did not cease the infringing and misleading conduct at issue despite these communications. Google filed a complaint against Defendant in this Court on September 16, 2015. Defendant filed an answer and affirmative defenses on October 8, 2015.

Defendant's Response

Defendant denies the foregoing allegations and argues that its use of the GOOGLE Marks constitutes fair use.

**3. Legal Issues**

This case involves the following legal issues:

a) Whether Defendant's use of Google's registered trademarks constitutes trademark infringement under 15 U.S.C. § 1114;

b) Whether Defendant's use of Google's trademarks constitutes unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

c) Whether Defendant's statements regarding Google, Google's products and services, Defendant, and Defendant's products and services constitute false advertising under 15 U.S.C. § 1125(a); and

d) Whether Google is entitled to injunctive relief and attorneys' fees and costs under 15 U.S.C. §§ 1116, 1117 and/or such other remedies as the Court deems just and equitable.

**4. Motions**

There are no prior or pending motions in this matter. Google anticipates that it will move for summary judgment in this action.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

**5. Amendment of Pleadings**

The Parties agree to a deadline of January 28, 2016 for amending their pleadings without leave from the Court.

Plaintiff's Statement

Google anticipates that it may seek to add defendants should discovery reveal additional entities operating in concert with or on behalf of Defendant. Google does not anticipate adding additional claims to its Complaint at this time.

Defendant's Statement

Local Lighthouse does not anticipate amending its Answer.

**6. Evidence Preservation**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The Parties pledge that they will continue this discussion as needed. Google has requested that Local Lighthouse preserve, among other electronically-stored information ("ESI"), recordings and voicemails consisting of or pertaining to the sales calls which are at issue in this matter.

**7. Disclosures**

The Parties exchanged the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on December 7, 2015. The Parties reserve the right to supplement such disclosures as necessary.

**8. Discovery**

*Scope of Discovery*

The Parties agree that the subject matters open to discovery should not be limited other than as provided for by Federal Rule of Civil Procedure 26(b)(1). The Parties do not propose any modifications or limitations to the discovery rules. The Parties do not believe there is any need for discovery to be conducted in phases.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

The Parties each reserve all right to seek discovery on subjects not listed below and to object at a later date to discovery taken on any subjects listed below.  Subject to the foregoing reservation of rights, at present, Google anticipates that discovery in this case will be needed on the following topics:

a) Defendant's use of Google's trademarks in connection with selling, marketing, advertising, or promoting Defendant's products and services;

b) Any instances of confusion, mistake, deception, or association of any kind between Defendant or Defendant's products or services and Google, the GOOGLE Marks, or Google's products or services;

c) Statements, representations, or descriptions of Defendant's products and services and Google's products and services made by Defendant or anyone selling, marketing, advertising, or promoting Defendant's products and services on its behalf;

d) Defendant's training, supervision, and quality assurance monitoring of employees or other parties selling, marketing, advertising, or promoting Defendant's products and services on its behalf;

e) Communications between Defendant and its customers or potential customers about Defendant and Defendant's products and services as they relate to Google and Google's products and services;

f) Communications between Defendant and consumer regulatory or consumer watchdog agencies regarding Defendant's sales, marketing, advertising, or promotional practices;

g) Communications between Defendant and Google;

h) Information regarding Defendant's revenues and refunds for Defendant's SEO or other services in connection with which Defendant has used the GOOGLE Marks or otherwise referenced Google or its products or services;  and

i) The identities of the persons and corporate entities responsible for, and most familiar with, the foregoing.

In addition, Local Lighthouse anticipates taking discovery relating to Google's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

contentions, and regarding Local Lighthouse's defenses, including fair use.

*Discovery to Date*

Google served its First Set of Requests for the Production of Documents and Things and its First Set of Interrogatories on Defendant on December 3, 2015. Local Lighthouse has not served any discovery requests on Google.

*Protective Order and Privilege Log*

The Parties anticipate that discovery in this case will involve material that is considered confidential and proprietary and anticipate jointly submitting a proposed protective order to the Court to govern the exchange and use of confidential or otherwise proprietary information. The Parties are in the process of negotiating the terms of the protective order. The Parties anticipate that the protective order will include a "claw back" order under Federal Rule of Evidence 502(d) providing for the return of privileged documents without waiver of the attorney-client privilege or work product protection.

The Parties agree that if any documents are withheld from production on the basis that the documents are subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, the withholding party shall produce a privilege log in accordance with the Federal Rules of Civil Procedure.

*ESI Protocol*

The Parties will attempt to enter into a protocol governing the production of ESI. The Parties are in the process of negotiating the terms of the protocol.

**9. Class Actions**

Not applicable.

**10. Related Cases**

There are no related cases within the meaning of Civil Local Rule 3-12(a) pending before another judge of this Court or before another court or administrative body.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

## 11. Relief

Google has requested that the Court enjoin Defendant (and all of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it) from:

   a) Using the GOOGLE Marks in connection with the marketing, promotion, advertising, sale, or distribution of any of Defendant's products and services (except as reasonably necessary to identify Google's own products and services);

   b) Using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any product or service distributed, sold, offered for sale, or advertised by Defendant is in any manner associated with or approved or sponsored by Google;

   c) Representing in any manner that Defendant is a "Google Partner" or is otherwise endorsed, certified, or sponsored by Google; and

   d) Committing any other infringing or misleading acts that may be discovered during the course of this action.

Google reserves the right to modify or add to the foregoing request for injunctive relief to describe particular misleading and/or infringing acts that may be discovered during this action.

In addition to the injunctive relief described above, Google seeks attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Google also seeks such other relief as the Court may deem just and equitable.

## 12. Settlement and ADR

The Parties have discussed prospects for settlement.

This case has been assigned to the ADR Multi-Option Program. The Parties have met and conferred as required by ADR Local Rule 3-5 to discuss ADR options. Pursuant to that conference, the Parties filed a Notice of Need for an ADR Phone Conference to request an early settlement conference with a Magistrate Judge, which was held on December 14, 2015. Mr. Herman, ADR Program Director, will make a recommendation to the Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

**13. Consent to Magistrate Judge For All Purposes**

The Parties do not consent to proceed before a Magistrate Judge for all purposes.

**14. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties shall discuss stipulations to narrow the issues presented for summary judgment and/or trial. At this time, however, the Parties have not agreed on any such stipulations.

**16. Expedited Trial Procedure**

The Parties do not believe that this case is suitable for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

The Parties jointly propose the following schedule:

| | | |
|---|---|---|
| a) | Affirmative Expert Reports Due: | May 26, 2016 |
| b) | Rebuttal Expert Reports Due: | June 29, 2016 |
| c) | Close of Discovery: | August 4, 2016 |
| d) | Dispositive Motions Due: | September 1, 2016 |
| e) | Hearing on Dispositive Motions | October 6, 2016 |
| f) | Final Joint Pretrial Conference: | 60 days following the Court's decision on dispositive motions |
| g) | Trial (4-6 days): | As set by the Court |

**18. Trial**

The Parties anticipate that trial will take between four (4) and six (6) days. The Parties request that this case be tried by a jury.

**19. Disclosure of Non-party Interested Entities or Persons**

The Parties have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Additionally, Google filed a supplement to its initial Certification on October 9, 2015 with the below disclosure.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

Plaintiff's Statement

Google certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding:

1. Alphabet Inc., Holding Company of Plaintiff
2. Google Inc., Plaintiff

Defendant's Statement

Local Lighthouse certifies that it has no parent corporation, that no publicly held corporation owns 10% or more of its stock, and that there are no other interests to report.

**20. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct in the Northern District of California.

**21. Other**

There are currently no other matters or considerations which may facilitate the just, speedy, and inexpensive disposition of this matter.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

| | | |
|---|---|---|
| 1 | Dated: December 15, 2015 | **COOLEY LLP** |
| 2 | | MICHAEL G. RHODES (116127) |
| 3 | | BRENDAN J. HUGHES (*pro hac vice*) |
| 4 | | REBECCA GIVNER-FORBES  (*pro hac vice*) |
| 6 | | */s/ Brendan J. Hughes* |
| 7 | | Brendan J. Hughes<br>*Counsel for Plaintiff Google Inc.* |
| 10 | Dated: December 15, 2015 | **LAW OFFICES OF BRIAN M. DAVIS** |
| 11 | | BRIAN M. DAVIS (SBN 241984) |
| 12 | | JAMES G. HIGGINS (SBN 238188) |
| 14 | | */s/ Brian M. Davis* |
| 15 | | Brian M. Davis<br>*Counsel for Defendant Local Lighthouse Corp.* |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

Hon. Haywood S. Gilliam, Jr.

UNITED STATES DISTRICT JUDGE

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Brendan J. Hughes, attest that concurrence in the filing of this document has been obtained from the other signatory. Executed on December 15, 2015 in Washington, D.C.

*/s/ Brendan J. Hughes*
Brendan J. Hughes
*Counsel for Plaintiff Google Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER
3:15-CV-04219-HSG