COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: 415 693 2181
Facsimile: 415 693 2222

COOLEY LLP
BRENDAN J. HUGHES (*pro hac vice*)
(bhughes@cooley.com)
REBECCA GIVNER-FORBES (*pro hac vice*)
(rgivnerforbes@cooley.com)
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, DC 20004
Telephone: 202 842 7826
Facsimile: 202 842 7899

Attorneys for Plaintiff
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | **Case No. 4:15-cv-04219-HSG** |
| Plaintiff, | [PROPOSED] STIPULATED JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| LOCAL LIGHTHOUSE CORP., a California corporation, | |
| Defendant. | |

This Court, pursuant to the Joint Motion for Entry of Stipulated Judgment and Permanent Injunction between Plaintiff Google Inc. ("Google") and Defendant Local Lighthouse Corp. ("Defendant"), hereby ORDERS, ADJUDGES, and DECREES that:

1. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 28 and 15 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over the parties hereto.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED JUDGMENT AND
PERMANENT INJUNCTION
4:15-CV-04219-HSG

4. As used herein, the "GOOGLE Marks" refer to the marks listed at https://www.google.com/permissions/trademark/trademark-list.html. Defendant does not dispute that (a) the GOOGLE Marks are valid and protectable, and (b) Google owns all right, title, and interest in and to the GOOGLE Marks.

5. Defendant has made unauthorized and infringing use of the GOOGLE Marks.

6. Members of Defendant's sales team have made false and misleading claims during Defendant's telemarketing calls that were likely to confuse the purchasing public regarding the true source or nature of Defendant's services and the relationship between Google and Defendant.

7. While Defendant may use Google's AdWords services, Defendant is not currently affiliated with Google; Google has not contracted with Defendant to provide Search Engine Optimization ("SEO") or Search Engine Marketing services on its behalf; and Google does not approve, sponsor, or endorse Defendant or Defendant's goods and services.

8. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant described in Paragraphs 5 and 6.

9. Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this injunction, are hereby permanently restrained and enjoined, pursuant to 15 U.S.C. § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

   a. Using the GOOGLE Marks or any other mark owned by Google, or any confusingly similar variation thereof, in connection with marketing, promoting, advertising, selling, or distributing any goods or services in any manner that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation or association with, or endorsement or sponsorship by, Google;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED JUDGMENT AND
PERMANENT INJUNCTION
4:15-CV-04219-HSG

b. In connection with marketing, promoting, advertising, selling, or distributing any goods or services, making any implied or express statement that is likely to cause consumers to believe:

   i. That Defendant's goods or services originate from Google or are associated with, or endorsed or sponsored by, Google;

   ii. That Defendant, or anyone acting on its behalf, is connected with Google through sponsorship, endorsement, affiliation, or association, including, without limitation, that Defendant or anyone acting on its behalf is (1) "with Google," "from Google," a Google representative, or any similar representation, (2) a "Google partner" or "certified by Google" (unless Defendant has active Google Partner status or certification at the time of the representation), (3) under contract with Google or a subcontractor of Google, or (4) calling on behalf of Google regarding a listing on any Google service or any account with Google;

   iii. That Google requires a payment or an action in connection with any good or service or feature thereof when Google requires no such payment or action, including, without limitation that (1) free services are "pay for insertion," (2) a person or business may lose a listing, account, or position in GOOGLE search, GOOGLE Maps, or any other Google platform if they do not participate in a telephone call with Defendant or sign up for Defendant's services, (3) a listing, account, or position in GOOGLE search, GOOGLE Maps, or any other Google platform must be "claimed," or (4) Google receives any portion of any payment solicited or collected by Defendant; or

   iv. That Defendant can guarantee top placement (e.g., first page placement) in GOOGLE search results;

c. Destroying, disposing of, or distributing beyond its control any record or recording of a customer service complaint describing a possible violation of any of the

foregoing terms for a period of no less than two (2) years after the record or recording is created; and

   d. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device with the intention of circumventing or otherwise avoiding any of the obligations or prohibitions set forth herein.

10. In any marketing solicitation (whether via telephone, online chat, email, mail, or any other format) for or on behalf of Defendant, Defendant, its officers, employees, contractors, and all persons in active concert or participation with them who receive actual notice of this injunction, shall:

   a. Immediately following any reference to Google or Google's products or services, make a statement (the "Disclaimer Statement") identifying Defendant as the company on whose behalf the communication is being made and expressly disclaiming any affiliation or association with, or endorsement or sponsorship by, Google; and

   b. Respond to any question regarding Google's relationship to Defendant or Defendant's goods or services, or the nature or characteristics of any Google product or service, by clearly stating or restating the Disclaimer Statement and answering the question accurately and truthfully.

   c. Notwithstanding Paragraph 10(a), *supra*, subsequent Disclaimer Statements are not required during a verbal marketing solicitation (e.g., a telemarketing call) where (1) the solicitation is not the first verbal communication with the recipient and Defendant complied with Paragraph 10(a) during the first verbal communication, or (2) the recipient is an existing customer of Defendant as of the date of entry of this Stipulated Judgment and Permanent Injunction.

11. Defendant shall provide the exact wording of the Disclaimer Statement and any proposed modifications thereto for Google's advance written approval and shall provide Google with fifteen (15) business days to approve or propose or request alternative wording for the Disclaimer Statement.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED JUDGMENT AND
PERMANENT INJUNCTION
4:15-CV-04219-HSG

12. Defendant shall provide a copy of this Stipulated Judgment and Permanent Injunction to each of its officers, agents, servants, representatives, contractors who are conducting marketing activities on behalf of Defendant, employees, attorneys, parent and subsidiary corporations, affiliates, assigns, and successors in interest as soon as practicable.

13. Defendant shall file with the Clerk of this Court and serve Google, within thirty (30) days after the entry of this Stipulated Judgment and Permanent Injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with Paragraphs 9 through 12 above and implemented adequate and effective means to either discontinue doing business and/or continue doing business in compliance with Paragraphs 9 through 12 above.

14. Defendant shall notify Google of any trade names or "doing business as" names adopted by Defendant or any third parties conducting marketing calls, solicitations, or other outreach on its behalf.  Defendant shall provide such notification promptly, and in no case longer than thirty (30) days, after the adoption of any such names by Defendant or third parties operating on its behalf.

15. Nothing set forth herein shall impair Google's right to seek all legal and equitable remedies that the Court deems appropriate in the event of a violation or failure by Defendant to comply with any of the provisions hereof.

16. This Stipulated Judgment and Permanent Injunction shall be deemed to have served upon Defendant at the time of its execution by the Court.

17. The Court finds there is no just reason to delay in entering this Stipulated Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Stipulated Judgment and Permanent Injunction against Defendant.

18. No appeals shall be taken from this Stipulated Judgment and Permanent Injunction; however, the parties preserve their respective rights to appeal any further action arising out of this Stipulated Judgment and Permanent Injunction.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED JUDGMENT AND
PERMANENT INJUNCTION
4:15-CV-04219-HSG

19. This Court will retain continuing jurisdiction over this matter following the dismissal of Google's claims in order to enforce the terms of this Stipulated Judgment and Permanent Injunction and the Settlement Agreement between the parties.

20. Except as set forth in Paragraph 15, each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED, and DECREED this 15th day of ____July, 2016.

*[signature: Haywood S. Gilliam Jr.]*

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge
Northern District of California

122483083